Lisa M. KIELY and Stephen L. Kiely, et al., Plaintiffs,

v.

The SHORES GROUP, INC., et al., Defendants.

No. 93–2194–JWL.

United States District Court, D. Kansas.

Jan. 23, 1995.

Karen D. Wedel, J. Brett Milbourn, and R. Frederick Walters, Walters, Bender & Strohbehn, Kansas City, MO, for plaintiffs.

Mark S. Carder, Smith, Gill, Fisher & Butts, Kansas City, MO, J. Charles Droege, Overland Park, KS, John E.S. Kramar, Houston, TX, Robert A. Kumin, Robert A. Kumin, P.C., Mission, KS, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Terri Savely Bezek, Olathe, KS, Douglas D. Chunn, Marianne Lloyd, Jacksonville, FL, Lisa A. Dunbar, Niewald, Waldeck & Brown, Kansas City, MO, Stephen J. Dennis, Kenneth R. Battis, Dennis & Battis, P.A., Fairway, KS, Charles F. Marvine, Jr., Janet I. Blauvelt, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Sally B. Surridge, Blackwell, Sanders, Math-

eny, Weary & Lombardi, Kansas City, MO, James M. Warden, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, Douglas C. McKenna, Watson & Marshall, L.C., Olathe, KS, Jason R. Brown, Couch, Strausbaugh, Pierce & King, Chtd., Overland Park, KS, Richard N. Bien, James A. Durbin, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Kansas City, MO, Craig T. Kenworthy, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Overland Park, KS, and John K. Train, III, Randall L. Allen, and Suzanne Smith, Alston & Bird, Atlanta, GA, for defendants.

First Services Benefits, Inc., pro se.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On December 14, 1994, plaintiffs filed a motion for sanctions against defendant First Services Benefits, Inc. ("First Services") (Doc. # 399), seeking, among other relief, an entry of default judgment against that defendant. On January 5, 1995, after no response to plaintiffs' motion was filed on behalf of First Services, the court directed First Services to show cause in writing why plaintiff's motion should not be granted and why judgment by default should not be entered against First Services (Doc. # 406). In lieu of appointing counsel to enter an appearance in this action and respond to the court's order and plaintiffs' motion with an appropriate pleading, the stockholder of First Services directed an attorney to write a letter to the court explaining the circumstances in which First Services now finds itself. The court finds that First Services has not shown sufficient cause why plaintiffs' motion for a default judgment should not be granted. Accordingly, plaintiffs' motion is granted and the Clerk of the Court is directed to enter judgment against First Services in favor of plaintiffs in this action.

■ Federal Rule of Civil Procedure 55 authorizes the entry of a default when a defendant fails to plead or otherwise defend an action and that fact has been made apparent to the court. Fed.R.Civ.P. 55(a). Rules 37(b)(2)(C) and 37(d) also permit a court to enter a default judgment as a sanction against a party who fails to obey an order to provide discovery or who fails to respond to interrogatories, requests for production or requests for admissions. *F.D.I.C. v. Daily*, 973 F.2d 1525, 1530 (10th Cir.1992). The court may also impose sanctions on a party who fails to obey a scheduling or pretrial order. Fed.R.Civ.P. 16(f). Whether or not to impose sanctions lies within the discretion of the court. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).

■ Some fault on the part of or attributable to the party involved must exist in order to enter a default as a sanction. *Smith v. United States*, 834 F.2d 166, 171 (10th Cir.1987). "A default judgment is a harsh sanction that will be imposed only when the failure to comply is the result of 'wilfulness, bad faith, or [some] fault of petitioner rather than inability to comply.'" *F.D.I.C.*, 973 F.2d at 1530. Willful failure is "any intentional failure" and no wrongful intent need be shown. *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir.1987).

It is apparent from the letter addressed to the court on behalf of First Services that the defendant has intentionally failed to comply with orders of this court and does not intend to defend this action. First Services has made a considered decision not to have representation in this action, not to take part in this action, not to comply with certain recent orders and not to appear at any trial. While the court makes no finding that defendant's intent not to participate meaningfully in this action is wrongful, it nevertheless finds the decision to be a tactical one sufficient to support an entry of default.

■ First Services failed to comply with an order of October 14, 1994 directing it to provide certain documents and information to plaintiffs. It also failed to comply with an order of September 27, 1994 directing it to respond to plaintiffs' request for admissions. It does not appear that First Services intends to produce these documents or respond to plaintiffs' requests before trial. First Services has also failed to comply with an order of the court directing it to provide a representative with settlement authority at a mandatory settlement conference with the magistrate.

The trial in this action is scheduled to begin in just over two weeks and First Services is the only remaining defendant which has been active in this case. Plaintiff has been severely prejudiced by defendant's failure to produce the ordered documents, its failure to respond to requested admissions and its failure to take part meaningfully in mandatory settlement negotiations. Moreover, defendant has indicated that it has no intent to appear for trial and has no intent to participate in this action. There is no counsel of record for defendant First Services.

First Services has been warned that failure to participate meaningfully in this action would result in a default judgment against it. *See* Court Doc. # 406. First Services has responded only by explaining to the court that it cannot afford to participate in this action and that the company has no assets. This is *insufficient grounds* upon which to avoid the entry of a default judgment. On this record, the court is compelled to enter a default. Should First Services believe in good faith that it can show good cause why this entry should be set aside, it is directed to file an appropriate motion in accordance with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion for sanctions (Doc. # 399) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court make an entry of the default of First Services Benefits, Inc. in this matter pursuant to Federal Rule of Civil Procedure 55.

**IT IS FURTHER ORDERED** that the Clerk attach the letter to the court from John F. Rhem dated January 19, 1995 to the left side of the court file and make it a part of the record in this matter.

**IT IS FURTHER ORDERED** that a hearing on damages shall be conducted on February 7, 1995 at 9:00 a.m., the date upon which this case was previously scheduled to begin trial.

**IT IS SO ORDERED.**